**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Yellow Tree Theatre and Jane Doe,

Plaintiffs,

v.

Actors' Equity Association,

Defendant.

Case No.: 0:26-cv-03416 (JWB-EMB)

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED BY PSEUDONYM**

**<u>ORAL ARGUMENT REQUESTED</u>**

---

## INTRODUCTION

In this case, Plaintiff Yellow Tree Theatre ("Yellow Tree" or "Employer") seeks to avoid arbitration of a grievance under its collective bargaining agreement ("CBA") with Defendant Actors' Equity Association ("Union"). The grievance seeks a remedy for Yellow Tree's failure to offer reemployment to a Union member who had previously worked for the Employer on the same production, as required by the CBA. In this motion, Plaintiffs seek permission for the Employer's Owner/Manager[1] "Jane Doe" to litigate under a pseudonym based on irrelevant sexual harassment allegations they improperly invoke to try to prevent arbitration of the grievance. Jane Doe pursues no sexual harassment claim yet asserts the right to proceed anonymously to litigate about

---

[1] The title "Owner/Manager" is used herein to describe Jane Doe's role at Yellow Tree. The Complaint asserts that Jane Doe is the Employer's owner. *ECF Doc. 7, ¶ 3*. Jane Doe also manages the organization and handles labor relations, as shown by the relevant documents which are not cited here to avoid identifying her until this issue is resolved. For accuracy and clarity about her role with Yellow Tree, Jane Doe's actual title should be used in this litigation, but that can only be done if she is not allowed to proceed anonymously to avoid being identified.

sexual harassment – even though the grievance is not about sexual harassment, alleged sexual harassment is not a defense to the grievance, and allegations of sexual harassment are irrelevant to the Employer's contractual duty to arbitrate a grievance under the CBA. Nor do the claims asserted in the Complaint require a determination of the merits of Jane Doe's sexual harassment allegations against the Union's member.

The circumstances presented here do not justify departing from the strong presumption that parties must litigate in their own names. This litigation originated when Plaintiff Yellow Tree filed a "Motion to Oppose Arbitration" in State Court. Neither of the pleadings filed by Yellow Tree in State Court – and which this Court ordered Yellow Tree to re-file in Federal Court – included any allegation of sexual harassment. Indeed, the Employer's Owner/Manager "Jane Doe" does not allege that the Union sexually harassed her, nor does she seek relief from the Union for harassment. Plaintiffs also identify no particularized risk of retaliation or future harm resulting from disclosure of Jane Doe's identity. Nothing sets this case apart from a dispute over arbitrability of a union grievance or even from most sexual harassment cases where plaintiffs are not permitted to proceed anonymously.

Further, the Union's defense of the case would be prejudiced if it is not permitted to identify Jane Doe in court filings given that Jane Doe, as the Employer's Owner/Manager, is the key decision-maker who made employment decisions on behalf of the Employer related to the aggrieved Union member (and alleged harasser) and the Union. Plaintiffs should not be given the opportunity to downplay Jane Doe's management role or obfuscate and dispute the relevance of important documents and

communications involving Jane Doe by preventing the Union from using Jane Doe's real name or job title. Further, permitting Jane Doe to proceed anonymously would unfairly lend credence to Plaintiffs' effort to mischaracterize this employer-union arbitration dispute as a sexual harassment claim brought against the Union by an individual plaintiff.

As the Owner/Manager of the Employer, Jane Doe does not face the type of employment risk that plaintiff employees who seek to use pseudonyms in sexual harassment cases might face. The fact that this case is brought by the Employer and its Owner/Manager in an admitted effort to avoid arbitration rather than by an employee claiming sexual harassment makes it clearly inappropriate for use of a pseudonym. For the reasons set forth herein, Plaintiffs have not established circumstances sufficient to overcome the strong presumption against use of a pseudonym, and their motion should therefore be denied.

## PROCEDURAL BACKGROUND

This action arises from a grievance filed by the Union against Yellow Tree under the parties' CBA. The grievance alleges a violation of Rule 63(B)(1) of the CBA and seeks three weeks' pay, totaling $2,175, as the contractual remedy for Yellow Tree's failure to offer reemployment to a Union member. *ECF Doc. 4-1, pp. 7-9, 41*. After the parties were unable to resolve the grievance, the Union demanded arbitration through the American Arbitration Association ("AAA") pursuant to the CBA's grievance and arbitration procedure. *ECF Doc. 4,* ¶ *7*. The AAA accepted the demand, assigned a case number and case administrator, and began administering the arbitration. *ECF Docs. 4,* ¶ *7; 4-1, pp. 43-45*.

Yellow Tree then sought judicial intervention to prevent the arbitration from proceeding. After asking the Union to withdraw its arbitration demand, Yellow Tree commenced this litigation on June 29, 2026, by filing a Notice of Motion and Motion to Oppose Arbitration, or in the Alternative, to Appoint a Neutral Arbitrator in Hennepin County District Court. *ECF Doc. 1-1, pp. 2-3*. On July 13, 2026, Yellow Tree filed a second motion seeking to stay the pending AAA arbitration until the court determined whether the dispute was arbitrable or, alternatively, to appoint a neutral arbitrator. *ECF Doc. 1-1, pp. 4-5*.

On July 27, 2026, the Union removed the action to this Court based on federal-question jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See ECF Doc. 1*. At the time of removal, Yellow Tree remained the sole plaintiff and had commenced the action through its two motions without filing a complaint.

On August 11, 2026, this Court ordered Yellow Tree to re-file "the motions that initiated this action" in accordance with Local Rule 7.1 and no later than August 25, 2026. *ECF Doc. 6*. On August 25, 2026, Yellow Tree filed a Complaint and added "Jane Doe" as a plaintiff. *ECF Doc. 7*. Jane Doe is Yellow Tree's Owner/Manager. *Id., ¶ 3*. The Complaint alleges that a Union member sexually harassed Jane Doe and invokes those allegations as a purported basis for preventing arbitration of the Union's grievance against Yellow Tree. *See ECF Doc. 7*. Jane Doe does not assert a sexual harassment claim against the Union or allege that the Union sexually harassed her. *Id.* Plaintiffs instead contend that the alleged harassment supposedly renders the CBA's arbitration

provision unenforceable under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"). *Id., ¶¶ 42-54*.

On the same day, Plaintiffs filed a Motion to Stay Arbitration Proceedings, asking the Court to prevent the pending arbitration from proceeding, as well as the present Motion for Leave to Proceed By Pseudonym. *ECF Docs. 8, 12*. Thus, Yellow Tree initiated this litigation as the sole plaintiff seeking to prevent arbitration of the Union's contractual grievance and added Jane Doe as a plaintiff only after removal and this Court's order requiring Yellow Tree to re-file the motions that initiated the action.

Plaintiffs did not meet and confer with the Union before filing this motion for the Employer's Owner/Manager to proceed as a party to the case using a pseudonym. Instead, on the same day they filed this motion Plaintiffs inquired by email whether the Union would "stipulate to proceeding using initials" for the Owner/Manager and aggrieved Union member "in future motion practice."

## LEGAL ANALYSIS

### I. Legal Standard

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties," consistent with the longstanding presumption of openness in judicial proceedings. There is a "***strong presumption against*** use of a pseudonym in litigation," and the public has a First Amendment interest in the identification of litigants. Akindutire v. Northrop Grumman Sys. Corp., Civil No. 26-1661 (DWF/SGE), 2026 WL 1661915, at *9 (D. Minn. June 9, 2026) (emphasis added) (citing Cajune v. Indep. Sch. Dist. 194, 105 F.4th 1070, 1077 (8th Cir. 2024)). Although district courts have discretion

to permit a party to proceed under a pseudonym, they may do so only in "limited circumstances" where the party's need for anonymity outweighs the countervailing interests in full disclosure. Cajune, 105 F.4th at 1076-77.

In determining whether those limited circumstances exist, courts consider a non-exhaustive list of factors, including: (1) whether the party seeking anonymity is challenging government activity; (2) whether identification would reveal information of a sensitive and highly personal nature; (3) whether identification would require a party to admit an intention to engage in illegal conduct and thereby risk criminal prosecution; (4) the danger of retaliation; (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant; (6) whether the public's interest in the case is furthered by disclosure of the litigants' identities; and (7) whether alternative mechanisms exist to protect the litigants' confidentiality. Cajune, 105 F.4th at 1076-77.

Sensitive subject matter, standing alone, does not establish a right to proceed anonymously. The party seeking to use a pseudonym must demonstrate that the circumstances of the particular case justify departure from the ordinary rule of disclosure. Id.; Braxton v. Minnesota, No. 24-CV-2455 (JMB/LIB), 2024 WL 4756041, at *4 (D. Minn. Sept. 30, 2024).

## II. Plaintiffs Have Not Established That The Circumstances Of This Case Warrant The Exceptional Use Of A Pseudonym

Plaintiffs' request to use a pseudonym rests principally on the fact that this litigation involves allegations of sexual harassment. The circumstances of this case nevertheless do not warrant anonymity. First, this action arises from Yellow Tree's effort

to prevent arbitration of the Union's contractual grievance, rather than from an action by Jane Doe seeking judicial relief for alleged sexual harassment. Second, Plaintiffs offer no particularized showing that disclosure of Jane Doe's identity would subject her to retaliation, physical harm, or other consequences sufficient to warrant anonymity. Each of these considerations provides an independent reason to deny Plaintiffs' motion here.

### A. This Action Concerns Yellow Tree's Attempt To Prevent Arbitration Of The Union's Contractual Grievance, Not A Sexual Harassment Claim

The second Cajune factor considers whether identification would reveal information of a sensitive and highly personal nature. 105 F.4th at 1077. That consideration weighs differently here because the alleged harassment is not itself the claim asserted against the Union. Yellow Tree initiated this litigation to prevent arbitration of the Union's contractual grievance and now improperly invokes Jane Doe's allegations (which are Yellow Tree's Owner's allegations, not an employee's allegations) as a purported basis for avoiding that arbitration. The nature and procedural posture of this action therefore distinguish it from cases in which the sensitive allegations themselves form the basis of the claims being adjudicated.

The dispute that gave rise to this litigation is a contractual grievance concerning Rule 63(B)(1) of the CBA. *ECF Doc. 4-1, p. 41.* Rule 63(B)(1) requires an employer that does not offer reemployment to an actor who previously performed the same role to pay three weeks' salary in lieu of reemployment. *ECF Doc. 4-1, pp. 7-9.* The Union alleges that Yellow Tree failed to make the required offer and seeks three weeks' pay,

totaling $2,175. *ECF Doc. 4-1, p. 41*. The grievance does not assert a sexual harassment claim or seek a remedy for Jane Doe arising from the alleged harassment. *Id*.

Jane Doe's subsequent addition as a plaintiff did not change the dispute that initiated this litigation. Yellow Tree added Jane Doe after removal and invoked the EFAA as a purported additional basis for preventing arbitration. *See ECF Docs. 6-7*. Plaintiffs thus rely on Jane Doe's allegations to try to avoid arbitration, not to obtain relief from the Union for any alleged harassment.

This Court's decision in Innovate Financial Inc., illustrates the materially different circumstances in which sensitive sexual allegations supported use of a pseudonym. There, the plaintiff alleged years of sexual abuse and harassment by her supervisor and asserted claims arising directly from that conduct, including sexual battery, retaliation, wrongful termination, and violations of Title VII. Civil No. 21-1754 (JRT/TNL), 2022 WL 673582, at *3-4 (D. Minn. Mar. 7, 2022). In permitting the plaintiff to proceed anonymously, the court emphasized that "exploration of these intimate matters" would be "***central to the resolution of this case***." Id. at *3 (emphasis added). The court also concluded that public identification could exacerbate the reputational and emotional injuries for which the plaintiff herself sought relief. Id.

Those considerations are materially different from the circumstances presented here. Plaintiffs invoke Jane Doe's allegations as a basis for preventing arbitration of the Union's contractual grievance, rather than as the basis for a sexual harassment claim against the Union. Although those allegations may bear on Plaintiffs' asserted basis for avoiding arbitration, the Court is not being asked to determine whether the Union

sexually harassed Jane Doe or to remedy injuries caused by such harassment. Nor do the claims asserted in the Complaint require a determination of the merits of the sexual harassment allegations against the Union's member. The concerns that made disclosure particularly consequential in Innovate Financial Inc. therefore are not present here. The second Cajune factor weighs against use of a pseudonym and independently supports denial of Plaintiffs' Motion.

### B. Plaintiffs Have Not Established A Particularized Risk Of Retaliation Or Other Harm From Disclosure Of Jane Doe's Identity

The fourth Cajune factor considers whether disclosure of a litigant's identity would create a danger of retaliation. 105 F.4th at 1077. Although the danger of retaliation may weigh in favor of anonymity, generalized concerns about potential retaliation or future harm are insufficient. Id. at 1078. Rather, there must be a nexus between the asserted danger and the circumstances of the party seeking anonymity. Id. at 1078-79. Past harm, standing alone, also does not establish a danger of future retaliation. Id. at 1079 (affirming the finding that "past harm did not precipitate a finding of future harm"); Akindutire, 2026 WL 1661915, at *10 (noting that the plaintiff faced "no retaliation specific to pursuing this case"). Thus, the relevant inquiry is whether disclosure of the litigant's identity creates a genuine risk of future retaliation or harm associated with proceeding publicly in the litigation.

Plaintiffs identify no danger of retaliation arising from disclosure of Jane Doe's identity. As the Owner/Manager of the Employer, Jane Doe does not face the risk of adverse employment action that plaintiff employees who seek to use pseudonyms in

sexual harassment cases might face. Plaintiffs' memorandum invokes Jane Doe's "privacy and safety," but identifies no threatened retaliation resulting from this litigation, anticipated adverse action upon disclosure, or factual basis to conclude that proceeding publicly would expose her to physical harm. *See ECF Doc. 9, pp. 3-4*. Plaintiffs instead rely on the emotional and privacy consequences of publicly associating Jane Doe with the underlying allegations of sexual harassment. Those concerns do not establish a genuine risk of future retaliation or other harm resulting from disclosure.

Plaintiffs' reliance on Jane Doe's alleged fear for her safety does not establish the required nexus to future harm. Plaintiffs emphasize that the alleged conduct caused Jane Doe to fear for her safety and led her to file a police report. *See ECF Doc. No. 9*. That alleged fear, however, arose from the underlying alleged conduct rather than from any threatened consequence of Jane Doe proceeding publicly in this litigation. Plaintiffs do not contend that the alleged harasser has threatened Jane Doe because of this litigation—which was not filed against him—or that public disclosure would expose her to renewed contact, retaliation, or other adverse consequences. Jane Doe's alleged fear arising from the underlying alleged conduct therefore does not demonstrate that disclosure of her identity in this action creates a danger of future retaliation or harm.

Plaintiffs' asserted privacy and emotional-distress concerns do not suffice. Although Plaintiffs contend that public identification would compound Jane Doe's distress and invade her privacy, they do not connect those consequences to future retaliation or other danger resulting from disclosure. *See ECF Doc. 9, pp. 3-4*. This Court similarly rejected asserted reputational consequences in Akindutire where the

plaintiff failed to demonstrate future harm or retaliation specific to pursuing the litigation. 2026 WL 1661915, at *10. Because Plaintiffs identify no genuine risk of retaliation or future harm resulting from disclosure, the fourth Cajune factor weighs against use of a pseudonym.

## III. Use Of A Pseudonym Would Unfairly Prejudice The Union By Distorting The Nature Of The Dispute And By Interfering With The Union's Defense Of The Case

The Cajune framework considers both whether anonymity poses a "unique threat of fundamental unfairness to the defendant" and "whether the public's interest in the case is furthered by requiring that the litigants disclose their identities." 105 F.4th at 1077. Both considerations weigh against use of a pseudonym here because anonymity would distort the public presentation of the dispute to the Union's prejudice.

Use of a pseudonym would first create a misleading impression of the Union's role in this litigation. Plaintiffs characterize Jane Doe's sexual harassment allegations as "central" to this case and seek anonymity on that basis. *See ECF Doc. 9, pp. 1, 3*. Yet no sexual harassment claim is asserted against the Union, and the Union is before the Court because it pursued a contractual grievance against Yellow Tree. Allowing Jane Doe to proceed anonymously against the Union would therefore present the Union publicly as the defendant in litigation involving an anonymous alleged sexual harassment victim without accurately reflecting the Union's role in the underlying dispute.

That distortion implicates both interests recognized in Cajune. The Union should not bear the prejudice of being publicly associated with allegations of sexual harassment that are not asserted against it while anonymity reinforces a misleading characterization

of the litigation. The public likewise has an interest in accurately understanding the parties and the dispute presented for judicial resolution. These considerations weigh against use of a pseudonym and independently support denial of Plaintiffs' motion.

Moreover, the Union's defense of the case would be prejudiced if it is not allowed to identify Jane Doe in court filings given that, as the Employer's Owner/Manager, Jane Doe is the key decision-maker who made employment decisions on behalf of the Employer related to the aggrieved Union member (and alleged harasser) and the Union. Plaintiffs should not be given the opportunity to obfuscate, downplay Jane Doe's management role, avoid disclosure of relevant facts like Jane Doe's job title, or dispute the relevance of important documents and communications involving Jane Doe by preventing the Union from using Jane Doe's real name or otherwise identifying her.

## CONCLUSION

For the foregoing reasons, Plaintiffs have not established circumstances sufficient to overcome the strong presumption against use of a pseudonym. Yellow Tree should not be permitted to mischaracterize its dispute with the Union over arbitration of a contractual grievance as an action by an anonymous sexual harassment plaintiff against the Union. Accordingly, the Union respectfully requests that the Court deny Plaintiffs' Motion for Leave to Proceed by Pseudonym.

Dated: September 1, 2026

**CUMMINS & CUMMINS, LLP**

/s/ Brendan D. Cummins
Alex M. Bollman, #400007
Brendan D. Cummins, #276236
920 Second Avenue South
Suite 1245
Minneapolis, MN 55402
612.465.0108
alex@cummins-law.com
brendan@cummins-law.com

**ATTORNEYS FOR DEFENDANT ACTORS' EQUITY ASSOCIATION**